## INSTRUCTION TO JURY AS TO REASONABLE DOUBT.

THE STATE OF OHIO v. ALLEN.

Decided, June 16, 1903—68 Ohio State, p. 516.

*One on Trial for Crime—Not Denied Benefit of Reasonable Doubt, When—Charge to Jury—Consideration of Evidence.*

One on trial for a crime is not denied the benefit of reasonable doubt by the instruction to the jury that there should be a verdict of guilty, if a full and candid consideration of the evidence produces a conviction of guilt, and satisfies the mind to a reasonable certainty; but that there should be an acquittal if the evidence establishes only strong probabilities of guilt.

Error to the Circuit Court of Mahoning County.

In the court of common pleas Allen was tried upon an indictment for robbing one Albert Miller, and a verdict of guilty was followed by an appropriate sentence. Allen filed a petition in error in the circuit court, where the judgment of the court of common pleas was reversed for "error by the court of common pleas in its charge to the jury in defining a reasonable doubt." The charge upon the subject was as follows:

"The indictment returned by the grand jury charges the crime of robbery; this indictment will be given you on your retiring, and you are at liberty to read it over, but you will understand, that because the indictment has been returned by the grand jury, it raises no presumption at all of the defendant's guilt. Neither is the indictment evidence of any fact in the case. This defendant, indicted here as William Allen, giving his name now as George Allen, has plead 'not guilty,' and the law says that under this plea of not guilty, he is to be by you presumed to be innocent until such time, as under a consideration of all the evidence submitted in the case, you shall be ready to find otherwise; that is, that he is guilty, beyond a reasonable doubt.

"You are justified and are required to consider a reasonable doubt existing, if the material facts, without which guilt can not be established, may fairly be reconciled with innocence. In human affairs, absolute certainty is not always attainable; from the nature of things, reasonable certainty is all that can be attained on many subjects; when a full and candid consideration of the evidence produces a conviction of guilt, and satisfies the mind to a reason-

able certainty, a mere captious or ingenious, artificial doubt is of no avail.

"You will then, in this case, look to all the evidence, and if that satisfies you of the defendant's guilt, you must say so. If you are not fully satisfied, but find only that there are strong probabilities of guilt, your only safe course is to acquit. Every material allegation in this indictment is put in issue here, and it is devolved upon the State, by this weight of the evidence, to establish each of the things charged before any other verdict than that of not guilty can be returned. It must appear to you that whatever offense was committed, that it was committed in the county on or about the date mentioned in the indictment, to-wit, the sixth day of September of this year. It must appear to you that Albert Miller was actually robbed; that is, that somebody unlawfully and forcibly made an assault upon him, and either through bodily fear, or by force or violence, took from him certain money of his then in his possession. You must further find that this was done against the will of Albert Miller, and further find, if you find that this robbery was committed, that it was committed by this defendant now charged."

*W. R. Graham,* for plaintiff in error.

*Frank Jacobs,* for defendant in error.

SHAUCK, J.; BURKET, C. J., SPEAR, DAVIS, PRICE and CREW, JJ., concur.

The principal portion of the instruction given will be recognized as taken from the charge which in *Clark* v. *State,* 12 Ohio, 483, the reporter imputed to Judge Birchard. The portion of that charge which relates to the probative effect of the evidence required to justify a verdict of guilty against one accused of crime has been given in many cases, and we are not advised that it has been the subject of adverse criticism prior to the present case. If the briefs correctly present the opinion of the circuit court, it is itself subject to criticism because it does not clearly distinguish between the elements of a crime and the related facts in a chain of inculpating circumstances. The facts necessary to constitute the crime charged in the indictment were stated with clearness and accuracy and in a connection, and with distributive terms, which naturally conveyed to the jurors the understanding that those facts were severally to be established by the required degree

of proof, if the charge correctly defined a reasonable doubt. Both the noun and the adjective in the phrase are words in common use, and they are here used with strict regard to their natural and obvious meaning. So naturally and clearly does the phrase itself suggest its true meaning, that the numerous definitions found in charges and in reported cases serve to admonish, rather than to illuminate. Since the definitions naturally give prominence to the highly significant adjective, and thus warn jurors against evasions of duty by affecting doubts which are unreasonable because not resulting from the absence of inculpating or the presence of exculpating evidence, it is due to the accused that the phrase be defined with substantial accuracy if defined at all. Whether the definition given in the present case is subjected to the test of verbal criticism or to that of the decided cases it appears to be substantially correct. Can a reasonable doubt remain "when a full and candid consideration of all the evidence produces a conviction of guilt and satisfies the mind to a reasonable certainty?" Can one entertain a reasonable doubt respecting a fact of whose existence he is "fully satisfied"? Would the punishment of crime be practicable if an accused person may require more in this regard than the instruction that strong probabilities of guilt will not justify a conviction? A flexible language affords opportunity for diversity of diction. In the numerous considerations of this subject the phrase "reasonable doubt" is variously paraphrased and defined. A number of the leading cases upon the subject are critically analyzed in Anderson's Dictionary of Law. An examination of those cases and others will show that the charge in the present case gave to the phrase a meaning which comports with that which is generally accepted, as it does with its natural meaning.

*Judgment of the circuit court reversed and that of the common pleas affirmed.*